FILED
SUPERIOR COURT
OF GUAM

2014 APR 30 AM 11: 22

CLERK OF COURT
BY:_____

# IN THE SUPERIOR COURT
# OF GUAM

THE PEOPLE OF GUAM,                    )          CRIMINAL CASE No. CF 0550-13
                                       )
              v.                       )
                                       )          **DECISION AND ORDER**
                                       )
KANDITO P. MWARECHEONG,                )
              Defendant.               )
                                       )

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendant's motion to reduce his felony family violence charge to a misdemeanor, was taken under advisement on April 30, 2014. The People are represented by Assistant Attorney General Teri C. Tenorio. Defendant is represented by Assistant Public Defender Maria F. Fitzpatrick. After reviewing and considering the memoranda and papers of the Parties and the file herein the Court hereby denies Defendant's motion to reduce.

## BACKGROUND

The Defendant was indicted October 8, 2013, on one charge: 1) Family Violence, as a 3rd Degree Felony.

On March 27, 2014, Defendant filed a motion to reduce his felony family violence charge to a misdemeanor. In support of his motion Defendant cites to Title 9 Section 30.20(c) of the Guam Code's factors. He argues and asserts that in this case that the following factors weigh in his favor:



1. The victim was observed by police to have dried blood in and around her nostrils with swelling to her upper lip. She had redness on her forehead area. She was treated by Guam Fire Department Medic 4.

2. The Defendant does not have prior charges of family violence. However the victim claims it has happened five times previously but she never reported it.

3. The Defendant denies the victim's version of the events

4. The Defendant has a prior criminal mischief conviction;

5. The victim's attitude about this case is unknown;

6. The victim's statement says the Defendant was very intoxicated;

7. There is no indication that Defendant would not be amenable to counseling.

The People filed their opposition to Defendant's motion on April 17, 2014. In it the People argue that Plaintiff's charge should not be reduced because:

1. There is evidence that Defendant was heavily intoxicated;

2. While the Defendant has not been previously charged or convicted of family violence, the victim asserts that the Defendant has beaten her on more than five occasions; and

3. The Defendant hit the victim across the chest with a wooden chair, punched her multiple times in the head face and back, attempted to strangle her and has threatened to kill her on multiple occasions.

Defendant filed his reply on April 23, 2014. In Defendant objects to the People's argument that factors in 9 GCA § 30.20 allow the Court to weigh potential injuries and argues that it is without merit. He also objects that the victim indicated that the defendant committed acts of violence 5 times previously

## DISCUSSION

Defendant has requested to have his charge of felony family violence reduced to a misdemeanor. Section 30.20 of the Family Violence Act, provides the Court with a seven-factor analysis for determining whether a felony charge of Family Violence may be reduced to a misdemeanor. 9 GCA §30.20(c) (2013). The relevant statute reads:

> In determining whether any felony charge filed pursuant to this § 30.20 should be reduced to a misdemeanor, the court shall consider the following factors, among others:
> (1) The extent or seriousness of the victim's injuries;
> (2) The defendant's history of violence against the same victim whether charged or uncharged;
> (3) The use of a gun or other weapon by the defendant;
> (4) The defendant's prior criminal history;
> (5) The victim's attitude and conduct regarding the incident;
> (6) The involvement of alcohol or other substance, and the defendant's history of substance abuse as reflected in the defendant's criminal history and other sources; and
> (7) The defendant's history of and amenability to counseling.

*Id.*

As this Court has ruled previously Defendant correctly argues that the first factor does not provide for the consideration of potential injury. *Id.* Applying the above factors to the instant case the Court finds: that the number and extent of the victim's injuries; Defendant's alleged attempt to strangle the victim; Defendant's alleged use of alcohol during the incident; and his alleged history of uncharged past violence toward the victim weigh heavily against the reduction of his charge.

//

//

# CONCLUSION

Based on the foregoing, the Defendant's motion to reduce is DENIED. Further Proceedings are set for 5/27 2014 at 9:00 a.m.

SO ORDERED, this 30 day of April 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
AG PDSC
Date: 4/30/14 Time: 11:30 AM
Deputy Clerk, Superior Court of Guam